# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Christopher Ivey,                            Civil No. 12-30 (DWF/TNL)

           Plaintiff,

v.                                             **ORDER ADOPTING REPORT AND RECOMMENDATION**

Daniel Williams, Michael Glavan,
William Gullickson, Scott Giannini,
Tara Halverson, Kevin Dreher, and
Matthew Dahl,

           Defendants.

This matter is before the Court upon Defendants Daniel Williams ("Williams") and Michael Glavan's ("Defendants") objections (Doc. No. 84) to Magistrate Judge Tony N. Leung's December 12, 2018 Report and Recommendation (Doc. No. 83 ("R&R")) which recommends that: Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. No. 63) be: (1) denied with respect to Counts 1, 2, 3, 7, and 8 insofar as Plaintiff alleges claims for monetary relief against Defendants in their individual capacities; and (2) granted with respect to Counts 1, 2, 3, 7, and 8 insofar as Plaintiff alleges claims for injunctive relief against Defendants in their individual capacities and dismissing those claims with prejudice. Defendants do not object to the recommendation to dismiss Plaintiff's claims for injunctive relief. Plaintiff filed a response to Defendants' objections on January 7, 2019. (Doc. No. 85.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local

Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the R&R and is incorporated by reference here. To provide context for Defendants' objections, the Court reiterates that Plaintiff asserts four claims of excessive force, punishment, and injury arising under the Fourteenth Amendment; three against Defendant Daniel Williams ("Williams") and one against Defendant Michael Glavan ("Glavan").[1] Plaintiff also asserts one claim of battery arising under Minnesota state law against Glavan (Count 8). Plaintiff sues Defendants in their individual capacities and seeks both injunctive and monetary relief.

The Magistrate Judge determined that Plaintiff fails to state a claim with respect to injunctive relief because 42 U.S.C. § 1983 does not permit such relief against state officials sued in their individual capacity. (R&R at 6.) The R&R recommends that the Court dismiss those claims with prejudice. Defendants do not object to this recommendation. The Magistrate Judge also determined that Plaintiff met his burden to allege facts that show that Defendants' conduct was objectively unreasonable. (R&R at 10.) The R&R recommends that the Court decline to dismiss Counts 1-3 and 7-8 with respect to monetary relief. Finally, the Magistrate Judge determined that Defendants are not entitled to official or qualified immunity. He found that official immunity does not apply because a jury could find that the conduct complained of was performed willfully

---

[1] Plaintiff alleges that Williams: (1) handcuffed him too tightly (Count 1); (2) handcuffed him in the "chicken-wing" position (Count 2); and (3) used hinged handcuffs to restrain him (Count 3). Plaintiff alleges that Glavan used excessive force by using the rear wrist lock technique to restrain him (Counts 7). Plaintiff alleges Glavan's use of excessive force under Minnesota law as well. (Count 8.)

or maliciously, and that qualified immunity is precluded because the use of force was objectively unreasonable.

Defendants object to the R&R's recommendation with respect to monetary relief on the grounds that Defendants' alleged actions were reasonable under the circumstances. Defendants argue that: (1) Plaintiff's handcuffs were applied properly and double locked; (2) the R&R failed to address the deference to which Williams was entitled when he decided that use of a "chicken-wing" handcuff position was reasonable in light of the dangerous situation that existed at the time; (3) Plaintiff alleged no facts or authority that the use of hinged handcuffs was not reasonable under the circumstances; and (4) use of a rear wrist lock was not excessive because Plaintiff was acting dangerously and refusing to comply with commands, and because Plaintiff failed to allege injuries from the purported use of force. Defendants also object to the R&R's findings that they are not entitled to official or qualified immunity.

The Court concludes that Defendants' objections fail to establish any reason to depart from the R&R. With respect to Plaintiff's allegations that Defendants used excessive force, the Magistrate Judge properly identified the relevant standard for analyzing a civilly committed individual's excessive force claim under the Fourteenth Amendment. *See Andrews v. Neer*, 253 F.3d 1052, 1061 (8th Cir. 2001). Excessive force claims in this context are governed by an objectively unreasonable standard set forth in the *Kingsley* test. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-73 (2015). The Magistrate Judge correctly applied the standard set forth in *Kingsley* to find that a

reasonable factfinder could conclude that both Defendants' alleged actions were objectively unreasonable.

Defendants argue that the Magistrate Judge failed to consider precedent that dismissed a claim for excessive force related to tight handcuffs when the defendant followed proper handcuffing procedure. *See Snyder v. Snyder*, No. 06-3072, 2007 WL 8944415, at *7-8 (D. Minn. Mar. 21, 2007). Defendants contend that because the record shows that Plaintiff's handcuffs were applied properly and double locked, Count 1 should be dismissed. In *Snyder*, though, the decision was largely based on lack of evidence that there was long-term injury resulting from the handcuffs. Here, discovery is still underway. At this stage in the proceedings, there is sufficient evidence to permit Plaintiff's claim to move forward.

The Court also acknowledges Defendants' arguments in respect to circumstances and deference, but observes that when the alleged actions took place, Plaintiff had already been sprayed with a chemical irritant, he had signaled that he was done damaging property, and he had complied with Defendants' commands to lay down on his bed and place his hands behind his back. The Court finds that a reasonable factfinder could conclude that subsequent use of a rear wrist lock, hinged handcuffs, and "chicken wing" positioning was unnecessary and excessive, considering Plaintiff was already subdued and restrained when Defendants entered his room.

With respect to the argument that Plaintiff failed to allege injury or complain that the purported use of force caused him pain, the Court reiterates that discovery is still underway. While one or more of Plaintiff's claims may ultimately fail following

4

discovery, the R&R correctly observed that Plaintiff has pled facts sufficient to give rise to a plausible claim at this stage in the proceedings. Consequently, the Court agrees with the R&R that Plaintiff has met his burden to allege facts that show that Defendants' conduct was objectively unreasonable with respect to Claims 1-3 and 7-8.

In Count 8, Plaintiff alleges that Glavan also committed battery under Minnesota state-law. In Minnesota, a claim of battery is defined as an intentional, unpermitted, offensive conduct with another. *Paradise City of Minneapolis*, 297 N.W.2d 152, 155 (Minn. 1980). Nonetheless, "reasonable force may be used upon or toward the person of another without the other's consent . . . when used by a public or private institution providing custody or treatment against one lawfully committed to compel compliance with reasonable requirements for the control, conduct, or treatment of the committed person." Minn. Stat. § 609.06, subd. 1(10).

The Magistrate Judge concluded that because Plaintiff alleged sufficient facts to give rise to a plausible claim for excessive force under the Fourteenth Amendment, he alleged sufficient facts to establish that Glavan's use of force was unreasonable under Minnesota law as well. The Court agrees. A reasonable factfinder could conclude that Glavan's intentional use of force under the circumstances was objectively unreasonable. At this stage in the proceedings, Plaintiff has alleged sufficient facts to permit his claim arising under Minnesota state-law to proceed.

Defendants argue that even if Glavan's alleged actions were not reasonable, he is entitled to official immunity. Defendants object to the R&R's finding that the doctrine of official immunity does not apply. "Official immunity is a common law doctrine that

5

protects government officials from suit for discretionary actions taken by them in the course of their official duties." *Sletten v. Ramsey Cnty.*, 675 N.W. 2d 291, 299 (Minn. 2004). The arrest and handcuffing of an individual is typically considered a discretionary act that is protected by the doctrine of official immunity. *Johnson v. Morris*, 453 N.W.2d 31, 41-42 (Minn. 1990). Defendants argue that Glavan's alleged use of a rear-wrist lock to restrain Plaintiff was a discretionary act that entitles him to official immunity.

Nonetheless, official immunity does not apply if the conduct complained of was performed willfully or maliciously." *Grady v. Becker*, 907 F. Supp. 2d 975, 985 (D. Minn. 2012). "Whether or not an officer acted maliciously or willfully is usually a question of fact to be resolved by the jury." *Johnson*, 453 N.W.2d at 42. The Magistrate Judge found that because there are sufficient claims in the complaint to give rise to an excessive force claim against Glavan, a jury could find that he acted willfully or maliciously. The Court agrees and concludes that official immunity does not apply. *See Brown v. City of Golden Valley*, 574, F.3d 491, 501 (8th Cir. 2009) (concluding that fact dispute on excessive force claim precluded grant of official immunity at summary judgment).

Finally, the Court agrees with the Magistrate Judge's determination that Defendants are not entitled to qualified immunity. Qualified immunity protects state actors from civil liability when their "conduct does not violate clearly established statutory or constitutional rights which a reasonable person would have known." *Harlow v. Fitzger*ald*,* 457 U.S. 800, 818 (1982). The defense protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335,

6

341 (1986). To overcome the defense, a plaintiff must show that: "(1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of deprivation." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citation omitted). Rights are clearly established when "a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

After applying *Kingsley* to find that a reasonable factfinder could conclude that the Defendants' alleged actions were objectively unreasonable, the Magistrate Judge declined to dismiss Plaintiff's claims on a basis of qualified immunity because reasonable officers in their position would have likely understood that their conduct was violating Plaintiff's clearly established right to be free from excessive force. (R&R at 15.) The Magistrate Judge further observed that, "the right to be free from excessive force in the context of arrest is clearly established," as is the fact that the "use of force against a suspect who was not threatening and not resisting may be unlawful. (*Id.* at 15-16) (citing *Brown*, 574 F.3d at 499).)

Defendants argue that reasonable individuals in their position would not have understood that their actions were unreasonable. They rely on *Snyder* to contend that proper application of handcuffs negates excessive force such that it was reasonable for Williams to believe that the manner in which he handcuffed Plaintiff was reasonable. As discussed above, *Snyder* is distinguishable because the Court found no evidence of injury resulting from the handcuffs. Here, the Court cannot reach such a conclusion because discovery has not yet been completed. Further, the objectively unreasonable standard set

7

forth in *Kingsley*, turns "on the facts and circumstances of each particular case." *Kingsley*, 135 S. Ct. at 2473. The Magistrate Judge correctly balanced the factors in this case and determined that reasonable officers in Defendants' positions would have likely understood that their conduct was violating Plaintiff's clearly established right to be free from excessive force. The Court agrees.

Defendants argue further that the *Kingsley* analysis is not appropriate in the context of qualified immunity because the decision was released in 2015, while Defendants' alleged actions took place in 2011.[2] They cite *Hall v. Ramsey County* to contend that the relevant question for excessive force in the context of qualified immunity is whether the plaintiff can demonstrate "both that the official's conduct was conscience shocking, and that the official violated one or more fundamental rights that are deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty." 801 F.3d 912, 917 (2015).

The Court is unpersuaded. The Eight Circuit applied the objective reasonableness standard to both qualified immunity and excessive force claims long before the *Kingsley* decision was released. *See e.g.*, *Wilson v. Spain*, 20 F.3d 713, 716 (8th Cir. 2000) (asserting that "[t]he linchpin of qualified immunity is the objective reasonableness of the officer's actions; objective reasonableness is also applied in analyzing the merits of Fourth Amendment excessive-force claims); *Nelson v. County of Wright*, 162 F.3d 986,

---

[2] While this argument was not presented to the Magistrate Judge, the Court considers it in the interest of judicial economy.

989-990, 990 n.5 (8th Cir. 1998) (observing that the standard for determining qualified immunity is identical to the standard for deciding if the use of force was excessive and that both involve considerations of objective reasonableness).[3] The Court finds that whether or not the Magistrate Judge relied on *Kingsley*, the objective reasonableness standard applies; because reasonable officers in Defendants' position would have likely understood that their conduct was violating Plaintiff's clearly established right to be free from excessive force, the Defendants are not entitled to qualified immunity.[4]

Thus, based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

---

[3] The same analysis applies to excessive force claims arising under the Fourteenth Amendment. *See, e.g.*, Andrews, 253 F.3d at 1062 (holding that a civilly committed individual's excessive force claim should be analyzed "under the objective reasonableness standard applied in Fourth, Fifth, and Fourteenth Amendment excessive-force cases").

[4] Even if the "shocks the conscience" standard applied, the result is the same. The Supreme Court has observed, "the measure of what is conscience shocking is no calibrated yard stick," but it does "point the way." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998). *Kingsley*, therefore, is best read as elaborating on an indefinite standard, as opposed to abandoning it. *Edrei v. Maguire*, 892 F.3d 525, 536 (2nd Cir. 2018). *Kingsley* held that excessiveness is measured objectively and then identified various considerations to inform whether the governmental action was rationally related to a legitimate governmental objective. 135 S. Ct. at 2473 (considering, e.g., the "relationship between the need for the use of force and the amount of force used"). Therefore, "*Kingsley* teaches that purposeful, knowing or (perhaps) reckless action that uses an objectively unreasonable degree of force *is* conscience shocking." *Edrei*, 892 F.3d at 536. (emphasis in original). Here, a reasonable factfinder could conclude under both an "objective reasonableness" or "shocks the conscience" standard that Defendants' alleged actions were unnecessary and excessive, considering Plaintiff was already subdued and restrained when Defendants entered his room.

**ORDER**

1.    Defendants Daniel Williams and Michael Glavan's objections (Doc. No. [84]) to Magistrate Tony M. Leung December 12, 2018 Report and Recommendation are **OVERRULED**.

2.    Magistrate Judge Tony M. Leung's December 12, 2018 Report and Recommendation (Doc. No. [83]) is **ADOPTED**.

3.    Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. No. [63]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.    Counts 1, 2, 3, 7, and 8 insofar as Plaintiff Christopher Ivey alleges claims for injunctive relief against Defendants Daniel Williams and Michael Glavan in their individual capacities are **DISMISSED WITH PREJUDICE**.

    b.    The motion is denied with respect to Counts 1, 2, 3, 7, and 8 insofar as Plaintiff Christopher Ivey alleges claims for monetary relief against Defendants Daniel Williams and Michael Glavan in their individual capacities.

Dated:  February 19, 2019        <u>s/Donovan W. Frank</u>
                                              DONOVAN W. FRANK
                                              United States District Judge