RECEIVED
BY MAIL
MAY 06 2019
CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Christopher Ivey,

    Plaintiff,

vs.

Daniel Williams, Michael Glavan,
William Gullickson, Scott Giannini,
Tara Halverson, Kevin Dreher,
and Matthew Dahl,

    Defendants.

Case No. 12-cv-30 (DWF/TNL)

**PLAINTIFF'S MOTION TO DENY
CONFIDENTIAL DESIGNATION
AND MEMORANDUM OF LAW**

Comes the Plaintiff, Christopher Ivey, and moves this Court to issue an Order preventing the Defendants from designating video footage relevant to this matter as "Confidential."

Plaintiff does not request a hearing on this Motion.

### BACKGROUND

The incidents of the evening of November 17, 2011 which are relevant to this matter were recorded by several different video cameras. The Defendants in this matter are attempting to label such video footage as "Confidential," in an apparent attempt to prevent Plaintiff's viewing of said video footage during the discovery process, if not permanently.

1

SCANNED
MAY 07 2019
U.S. DISTRICT COURT ST. PAUL

## MEMORANDUM OF LAW

Plaintiff has the right to contest the Defendants' use of a "Confidential" designation on the November 17, 2011 video footage. The burden is on the Defendants to establish that the November 17, 2011 footage garners confidential treatment. *Pritchard v. Portfolio Recovery Assoc., LLC,* 2015 U.S. Dist. LEXIS 185804 (E.D. Tenn. July 24, 2015) ("the party who contests a confidentiality designation should file a motion for an order denying a confidentiality designation … the burden of establishing that a document garners confidential treatment remains on the party that elected to designate the document as confidential.").

Nor should Defendants be permitted to file any relevant video footage under seal during later proceedings in this matter. "Courts have recognized that the public has a common law right to inspect and copy judicial records." *SEC v. Van Waeyenberghe,* 990 F.2d 845, 848 (5th Cir. 1993) (common law "establishes a presumption of public access to judicial records"); *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) (recognizing "the existence of a common-law right of access to judicial record"). This Court has often stated that "[t]he sealing of … exhibits … is strongly discouraged" and that there should be "compelling reasons" for doing such. *Otterness v. Andersen Windows Corp.,* 17-cv-4767 (WMW/TNL), 2018 U.S. Dist.

2

LEXIS 149822 (D. Minn. Aug. 30, 2018). In relation to the video footage at issue here, such compelling reasons do not exist.

The video footage in question is very much relevant to the claims at issue in this matter. Said video footage is likely to either confirm or refute a number of Plaintiff's stated facts, as well as a number of Defendants' sworn answers relating to the various actions or inactions on the evening in question.

Plaintiff needs to review the video footage immediately a.) to get the facts needed to prepare additional discovery requests during the discovery process now well underway; b.) to find evidence needed to support Plaintiff's claims, and potentially use such facts to combat Defendants' attempt at summary judgment; c.) to potentially identify additional witnesses; d.) to potentially identify new claims to bring in an amended Complaint; and e.) to identify how much, if any, of the video footage from that evening has been erased.

Furthermore, any content of the video footage which contradicts the Defendants' sworn statements and the subsequent potential for perjury charges and the threat of sanctions that such might lead to, as well as the threat of sanctions for any spoliation of evidence should the available video footage reveal such, may aid in bringing this matter to a resolution prior to trial and conserve judicial resources.

Video footage recorded inside a secure facility has been found to be discoverable evidence, even where *pro se* prison inmates would have direct access to such. *See, e.g., Donohue v. Lambert,* 2015 U.S. Dist. LEXIS 172782 (W.D. Va. Dec. 30, 2015) (excessive force case, "the defendants have allowed [the *pro se* inmate plaintiff] to view all the video footage related to his remaining claims that was filmed by a camcorder and all available video footage related to his claims that was filmed by a surveillance camera"; the examined video footage also allowed plaintiff to "preserve[ ] a spoliation of evidence argument with regard the defendants' failure to preserve [additional] surveillance video recordings"); *Franco v. Morales,* 2009 U.S. Dist. LEXIS 4602 (W.D. Tex. Jan. 22, 2009) (court ordered production of certain documents, photographs, and videos relating to a cell extraction in an excessive force lawsuit brought by a *pro se* inmate); *Welch v. Stratton,* 2018 U.S. Dist. LEXIS 109389 (E.D. Cal. June 29, 2018) (*pro se* inmate; "Defendant produced to plaintiff videos of the two incidents. Those videos were identified and saved by the Butte County Sheriff's Office along with the reports for the subject incidents. ... [B]ecause this evidence is relevant to his case, plaintiff is entitled to review such evidence. Counsel for defendant is ordered to coordinate with the litigation coordinator at [the state prison] to arrange a time for plaintiff to review the two DVDs and make notes during such review.").

4

Any claim by the Defendants that the video footage which Plaintiff is requesting would endanger the safety and security of the facility and its staff is false. Plaintiff has already detailed numerous security procedures in his various filings. The Defendants and other MSOP staff detail various security procedures in their Incident Reports (some of which have already been filed as exhibits to the Complaint and others will be filed with the Amended Complaint, with later filings, and/or at trial). MSOP has also disclosed various security procedures in the written policies available to all clients (some of which have already been filed as exhibits to the Complaint, others which will be filed with the Amended Complaint, with later filings, and/or at trial). Therefore, the disclosure in the video footage of security practices and procedures that are already known to Plaintiff do not endanger the safety and security of the facility. *See, e.g., Stone v. Vasquez,* 2009 U.S. Dist. LEXIS 78941, at n.2 (E.D. Cal. Sept. 3, 2009) ("Defendants also raise a safety and security objection arguing that they cannot disclose the camera locations to an inmate. In Plaintiff's second request for production of documents at request # 7, Plaintiff specifies particular camera locations, of which Plaintiff is obviously already aware. Defendants' objection on a safety and security basis is overruled with respect to all cameras Plaintiff specified in # 7 of

his second request for production, and sustained as to any other cameras that may exist.").

Nor is the privacy of any other client at issue. All clients in the facility were locked in their rooms during the incident in question.[1]

All statements and conduct by the named Defendants and any other MSOP staff that are depicted in the video footage is relevant to Plaintiff's claims.

Furthermore, some or all of the video footage in question has already been filed into the public record – not as "Confidential" or under seal – in the criminal proceedings against Plaintiff in Carlton County on the charge of property damage. *State v. Ivey*, Carlton County District Court File No. 09-cr-12-1185, Case Report 2011-0392 (Exhibit 2A - Digitally recorded video from handheld camera, Exhibit 2B - Digitally recorded video of Unit Omega Dayroom). Once a document or video is submitted into the public record, a party's interest in the

---

[1] While Plaintiff is aware from the relevant Incident Reports that one client, S.D., was standing at his window and making gestures to the staff who were outside in the courtyard videotaping Plaintiff doing damage to his window, to the extent that he or any other client appear in the video, they waived their right to privacy by intentionally making themselves visible on the video recording of Plaintiff's incident that evening. Furthermore, S.D.'s status as a civilly committed sex offender is already a matter of public record. *See In re Holly*, 1994 Minn. App. LEXIS 715, 1994 WL 396314 (Minn. App. 1994) (under his former name); *Doranti v. Dep't of Human Services*, 13-cv-1667 (DWF/LIB), 2013 U.S. Dist. LEXIS 107473, 2013 WL 3974532 (D. Minn. July 10, 2013) (giving both of his names).

confidentiality of that document is significantly lessened.

"[P]revious access has been considered relevant ... to a determination whether further dissemination of already accessible materials can be restrained." *United States v. Hubbard*, 650 F.2d 293, 318 (D.C. Cir. 1980) ("Previous access is a factor which may weigh in favor of subsequent access."); *Schedin v. Ortho-McNeil-Janssen Pharms., Inc.*, 08-cv-5743 (JRT), 2011 U.S. Dist. LEXIS 51185, 2011 WL 1831597 (D. Minn. May 12, 2011) (same).

"[C]ourt records are public records." *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007); *Castillo-Alvarez v. Krukow*, 2011 U.S. Dist. LEXIS 158482, at n.2 (N.D. Iowa Dec. 6, 2011) ("Minnesota state court criminal and civil records" are "public records"); *United States v. Ibarra*, 499 Fed. Appx. 355, 356 (5th Cir. 2012) (an item in a court's criminal file "qualifies as a 'public record'"); *Abreu v. City of New York*, 2006 U.S. Dist. LEXIS 6505, 2006 WL 401651 (E.D.N.Y. Feb. 22, 2006) (documents in a county attorney's file are public records); *Gregory v. Di Florio*, 298 F. Supp. 1360, 1361 (W.D.N.Y. Apr. 25, 1969) (criminal complaints are part of the public record); *Lacross v. City of Duluth*, 10-cv-3922 (JNE/LIB). 2011 U.S. Dist. LEXIS 158867, 2011 WL 12896026 (D. Minn. July 18, 2011) (a police report is a "public record"). A litigant has the right of access to exhibits on file in another

cause which contain evidence material to his present case. *Ex parte Uppercu*, 239 U.S. 435, 36 S.Ct. 140, 60 L.Ed. 368 (1915).

## CONCLUSION

This Court should conclude that Plaintiff's interest in access outweighs Defendants' interest in maintaining the confidentiality (such that any remains) of the video footage from the evening of November 17, 2011. *Blu Dot Design & Mfg. v. Stitch Indus.*, 17-cv-3208 (PJS/KMM), 2018 U.S. Dist. LEXIS 43119 (D. Minn. Mar. 16, 2018) ("Specifically, the Court finds that the information at issue is not highly sensitive … information, so [Defendants'] interest in confidentiality is not particularly strong.").

Plaintiff respectfully asks this Court to enter the attached Proposed Order.

Dated: May 2, 2019

*Chris Ivey*
Christopher Ivey, *pro se*
1111 Highway 73
Moose Lake, MN  55767-9452

8