# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Christopher Ivey,

        Plaintiff,                  Case No. 12-cv-30 (DWF/TNL)

v.

MSOP, Daniel Williams,                        **ORDER**
Michael Glavan, Steven Sayovitz,
William Gullickson, Scott Giannini, Tara
Halverson, Kevin Dreher, and Matthew
Dahl,

        Defendants.

Christopher Ivey, 1111 Highway 73, Moose Lake, MN 55767 (pro se Plaintiff); and

Brandon L. Boese, Assistant Attorney General, Office of the Minnesota Attorney General, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101 (for Defendants)

This matter is before the Court on Plaintiff's Motion and Memorandum of Law for Leave to File Amended and Supplemental Complaint. (ECF No. 106). For the reasons set forth below, the Court will grant Plaintiff's motion.

## I.    BACKGROUND

On January 5, 2012, Plaintiff Christopher Ivey filed an 18-count complaint against the Minnesota Sex Offender Program ("MSOP") and several staff members, alleging they violated his civil rights following an incident in his room in November 2011. (Compl., ECF No. 1). Multiple rounds of dispositive motion practice have reduced the complaint to the following: excessive force claims against Defendants Daniel Williams, Michael Glavan,

1

William Gullickson, Scott Giannini, and Tara Halverson; a battery claim against Glavan; and Fourth Amendment claims against Defendants Kevin Dreher, Matthew Dahl, and Gullickson. Defendants answered the complaint on March 5, 2019.

Shortly after Defendants answered the complaint, the Court issued its Pretrial Scheduling Order. (ECF No. 88). The Court ordered that motions to amend the pleadings be filed and served on or before June 17, 2019. The Court also ordered that discovery be completed by August 1, 2019.

On June 12, 2019, Ivey moved to amend his complaint. (ECF No. 106). In general, Ivey's proposed amendments are stylistic; Ivey either alleges additional facts in support of his current claims or removes allegations that relate to his already-dismissed claims. Two of Ivey's proposed amendments, however, are substantive. First, Ivey seeks to amend his excessive force claim to include Dahl as a defendant. Second, Ivey seeks to include additional allegations related to his Fourth Amendment claims. In particular, Ivey seeks to add facts alleging that the unclothed visual body search conducted of him was unreasonable because it was conducted in a room that lacked privacy.[1]

Defendants filed a memorandum in law opposing Ivey's motion on June 20, 2019. Defendants argued that, if the Court were to grant Ivey's motion, the Court should extend the dates in the pre-trial scheduling order by two months. The Court took the matter under advisement without a hearing.

---

[1] It is not clear whether in adding these facts, Ivey intended to add an additional Fourth Amendment claim to his complaint or simply intended to provide additional context in support his original claim. Defendants treat Ivey's proposed amendments as an attempt to expand the scope of his Fourth Amendment claims. Out of an abundance of caution, the Court will construe Ivey's proposed amended complaint as seeking additional relief under the Fourth Amendment.

## II. ANALYSIS

Once 21 days have passed after service of a responsive pleading, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).[2] "Although leave to amend 'shall be freely given when justice so requires,' *see* Fed. R. Civ. P. 15(a), plaintiffs do not have an absolute or automatic right to amend." *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) (citing *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002)). The Court may deny a party's request for leave to amend only "if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008)). "[A] motion to amend should be denied on the merits 'only if it asserts clearly frivolous claims or defenses.'" *Becker v. Univ. of Nebraska at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999) (quoting *Gamma–10 Plastics, Inc. v. American President Lines, Ltd.*, 32 F.3d 1244, 1255 (8th Cir. 1994)).

At the outset, Defendants argue that it is unnecessary for Ivey to amend his complaint simply to strike previously dismissed claims or to add additional factual

---

[2] The Court notes that Ivey did not meet and confer with Defendant before filing this motion. Nor did Ivey do so in two other motions that are currently pending before the Court (*See* ECF Nos. 93 and 97). Local Rule 7.1 requires the moving party to meet-and-confer occur with the other side before filing a motion to amend. The Court will not deny Ivey's motion for failure to meet-and-confer at this time. But it expects Ivey to make much better efforts to comply with the local rules before filing any additional motions.

allegations. The Court would agree. Nothing in the Federal Rules of Civil Procedure require Ivey to file an amended complaint to reflect what has been dismissed in this matter. Nor is it necessary for Ivey to amend the complaint in order add additional allegations to claims that have already survived motions to dismiss. *See, e.g.*, *S.E.C. v. Yorkville Advisors, LLC*, No. 12-cv-7728, 2013 WL 5350658, at *1 (S.D.N.Y. Sept. 20, 2013). Were these the only reasons why Ivey sought to amend his complaint, the Court would deny his motion. But because Ivey also seeks to expand the scope of his Fourth Amendment claims and add Dahl as a defendant to his excessive force claim, the Court cannot simply deny his motion as raising unnecessary stylistic edits.

Defendants argue that leave to amend should not be granted because Ivey has offered no reason why he did not include his new allegations in his original complaint. This argument is not persuasive. "Under the liberal amendment policy" of Rule 15, this Court may deny a motion for leave to amend only in "limited circumstances." *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001). Defendants provide no reason for the Court to conclude that Ivey acted in bad faith in seeking to amend his complaint. At most, Defendants only establish that Ivey's proposed amendments would delay this matter further. But delay alone, without any showing of undue prejudice, is insufficient to justify denying Ivey's motion. *Id*. And nothing in the record shows that Defendants will be unduly prejudiced. The bulk of the evidence that Defendants need to litigate these claims is likely already in their possession and there is no indication that their ability to prepare their defense will be hampered by the amendment. The fact that it might be inconvenient for Defendants to answer Ivey's amended complaint does not constitute the type of undue

4

prejudice required to justify a timely-filed motion to amend. Ivey's failure to include these allegations in his original complaint does not constitute grounds on which to deny his motion to amend.

The caselaw that Defendants rely on in support of their argument is also unpersuasive. In the two primary cases they reference, the plaintiff sought to amend the complaint on the eve of trial or after the defendant had filed a motion for summary judgment. *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861-62 (7th Cir. 2001) (stating that moving party waited until faced with a summary judgment motion before attempting to add new claim); *Svoboda v. Trane Co.*, 655 F.2d 898, 900 (8th Cir. 1981) (noting that appellant "inexplicably sought leave to amend in order to introduce new theories of liability on the eve of trial").[3] But in this case, Ivey filed his motion for leave to amend within the deadlines provided for by the Court and discovery has been only partially completed. Any prejudice that Defendants would suffer can easily be mitigated, as they themselves suggest, by a relatively brief extension to the pretrial scheduling order deadlines. For these reasons as well Ivey's motion is not so untimely as to deny leave to amend.[4]

---

[3] Furthermore, given the advanced nature of those two cases, it is likely that those respective motions were brought outside the deadlines for filing amended pleadings. When seeking to amend a complaint outside of the deadlines provided by the scheduling order, the plaintiff must show "good cause." Fed. R. Civ. P. 16(b)(4). Because Ivey filed his motion within the deadlines provided for by the scheduling order, the more permissive Rule 15 standard applies.

[4] Defendants also note that Ivey could have moved to amend in the "over seven years" this matter has been pending. Of course, as Defendants are well aware, Ivey has not been able to amend his complaint all those years. Ivey filed his original complaint on January 5, 2012. His case was stayed by the Court on January 25, 2012, as the result of related litigation in another matter. (ECF No. 10). The stay was not lifted until April 14, 2016. (ECF No. 20). The case was then stayed again on June 30, 2017. (ECF No. 76). That stay was not lifted until October 22, 2018, at which the point the Court decided the outstanding motion to dismiss. (ECF No. 82). During this time, Defendants filed a memorandum of law opposing Ivey's attempt

Defendants also argue that Ivey's motion to amend to his Fourth Amendment claim is futile because Ivey raised those claims outside the relevant statute of limitations. A motion for leave to amend pleadings is futile when the amended pleadings would not be able to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). In Minnesota, the statute of limitations for Section 1983 claims is six years. *United States v. Bailey*, 700 F.3d 1149, 1153 (8th Cir. 2012). A claim accrues when the plaintiff can file suit and obtain relief. *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc.,* 522 U.S. 192, 201 (1997). In this case, Ivey's claim accrued on or around November 17, 2011, the day that the incident occurred. Thus, Ivey would normally be required to raise a Section 1983 claim arising from that incident on or before November 17, 2017.

But were the Court to dismiss Ivey's motion on futility grounds, the Court would be rendering a tacit decision on the merits of a motion brought under Federal Rule of Civil Procedure 12. A motion to dismiss under Rule 12 is a dispositive motion that the District Judge must hear directly or review via a Report and Recommendation from the Magistrate Judge. D. Minn. L.R. 7.1(c)(6)(B). In circumstances like these, it is more appropriate for this Court to "permit the amendment" and allow the claim to go forward. *Arcaro v. City of Anoka*, No. 13-cv-2772, 2014 WL 12605451, at *3, (D. Minn. July 16, 2014). Such a result preserves Defendants' right to seek dismissal of the claim, but ensures that the parties

---

to lift the stay. (ECF No. 80). As a result of the various stays, Ivey has only had two years to pursue this matter, despite filing his complaint more than seven years ago. It would be unfair to suggest that Ivey had seven years to pursue an amended complaint.

litigate that question pursuant to the proper briefing schedule and procedure provided for in this district's local rules. *See* D. Minn. L.R. 7.1(c)(1)-(3); D. Minn. L.R. 7.1(c)(5)(iii). That process will facilitate a proper decision on the merits of Ivey's proposed amendment.

The Court's decision here is reinforced by the fact that it is not as simple as Defendants suggest to determine whether Ivey's claim is untimely. As the Court noted above, Ivey has not had a full seven years to litigate this matter. Because of the various stays imposed in this matter, he has had two years at most to amend his complaint in order to pursue this new claim. It is not clear how else Ivey could have pursued this claim. He did not necessarily have the option to file a brand-new lawsuit raising only the new Fourth Amendment claim. Had he done so, he would likely have violated the Eighth Circuit's rule prohibiting claim-splitting. *Sparkman Learning Ctr. v. Arkansas Dep't of Human Servs.*, 775 F.3d 993, 1000 (8th Cir. 2014) ("It is well established that claim-splitting is discouraged. All claims must be brought together, and cannot be parsed out to be heard by different courts."). As a result of these unusual circumstances, Ivey was caught between the proverbial rock and a hard place. He could wait to amend his complaint until the Court lifted the stay, possibly allowing the statute of limitations to run. Or he could file a new lawsuit and face a possible challenge on claim splitting grounds. Either option carried some risk to him.

As a result, it could be concluded that Ivey was justified in waiting to bring this claim until after the Court lifted the stay in this matter and that the statute of limitations should be equitably tolled to account for the time this matter was stayed. *See Hanna v. Goodyear Tire & Rubber*, 6 F. Supp. 2d 605, 607-08 (E.D. Tex. 1998) (holding that

plaintiff was justified in waiting until she received right to sue letter from EEOC before filing ancillary tort claim to avoid violating claim-splitting rule). It could also be concluded that Ivey bore the burden to file a new lawsuit in order to preserve his claim and then move to consolidate the new lawsuit with this matter going forward. *U.S. Equal Employment Opportunity Comm'n v. Caesars Entm't, Inc.*, No. 05-cv-427, 2006 WL 8442778, at *3 n. 3 (D. Nev. Sept. 27, 2006) (noting that plaintiffs could have filed state causes of action in state court, obtained stay pending outcome of federal investigations, and then moved to consolidate both matters). The Court takes no position on what approach is proper. It simply notes that the complexity of this issue further justifies granting Ivey's motion to amend and allowing this issue to be resolved, if necessary, through a fully briefed motion to dismiss.[5]

As the Court previously noted, Defendants ask that, if Ivey's motion is granted, the deadlines in the pre-trial scheduling order be extended to two months to ensure the parties have reasonable time to pursue discovery related to the allegations in the amended complaint. The Court agrees that there is good cause to support this request. *See* Fed. R. Civ. P. 16(b)(4) (requiring good cause to amend scheduling order). The Court will issue an amended scheduling order extending the deadlines by two additional months.

---

[5] Furthermore, the Court cannot conclude without additional briefing that the relate-back doctrine would not save Ivey's new claim. A claim relates back when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). A claim arises out of the same "conduct, transaction, or occurrence," when it is "tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664 (2005). Though Ivey's new claim is certainly related to the same incident that formed the basis for his previous complaint, it is also based on additional facts that he did not plead in his original complaint. This question would also be better considered in a properly briefed dispositive motion.

### III. CONCLUSION

Based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** as follows:

1. Ivey's Motion and Memorandum of Law for Leave to File Amended and Supplemental Complaint (ECF No. 106) is **GRANTED**.

2. Ivey shall file his amended complaint within 14 days of the date this Order is filed.

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: June 28, 2019        *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Ivey v. MSOP, et al.*
Case No. 12-cv-30 (DWF/TNL)