UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Christopher Ivey,  Civil No. 12-30 (DWF/TNL)

          Plaintiff,

v.  **ORDER**

MSOP, Daniel Williams,
Michael Glavan, Steven Sayovitz,
William Gullickson, Scott Giannini,
Tara Halverson, Kevin Dreher, and
Matthew Dahl,

          Defendants.

---

Christopher Ivey, *pro se* Plaintiff.

Brandon L. Boese and Nathaniel T Hopkins, Assistant Attorneys General, Minnesota Attorney General's Office, counsel for Defendants.

---

## INTRODUCTION

This matter is before the Court on Defendants Daniel Williams, Michael Glavan, William Gullickson, Scott Giannini, Tara Halverson, Kevin Dreher, and Matthew Dahl's (collectively ("Defendants")) Appeal/ Objection (Doc. No. 133 ("Def. Obj.")) to Magistrate Judge Tony N. Leung's July 30, 2019 Order (Doc. No. 130 ("Order")).[1] The Court stayed the Order on August 14, 2019, pending Defendants' objections. (Doc. No. 139.) *Pro se* Plaintiff Christopher Ivey ("Ivey") filed a response to Defendants'

---

[1] Defendants MSOP and Steven Sayovitz were dismissed without prejudice on March 31, 2017. (Doc. No. 70 at 13.)

objections on August 23, 2019. (Doc. No. 140.) For the reasons set forth below, the Court will continue to stay the Order pending an *in camera* review of the contested documents.

## BACKGROUND

The factual background for the above-entitled matter is clearly and precisely set forth in the Order and is incorporated here by reference. (*See* Order; *see also* Doc. Nos. 38, 55, 70, 83, 86 (previous orders with comprehensive background information).) Ivey initially brought eighteen claims against Defendants. (*See* Doc. 1 ("Compl.").) Many of Ivey's claims have since been dismissed, including all claims challenging the Minnesota Sex Offender Program's ("MSOP") policies and procedures. (*See* Doc. No. 70.) The only claims that remain are individual-capacity claims against various Defendants. Specifically, Counts 1-3 relate to claims that handcuffs were applied improperly, Counts 7-8 relate to claims about use of a "rear wrist lock," Count 12 relates to Ivey's claim that certain Defendants failed to loosen his handcuffs after he complained of pain, and Counts 16 and 17 relate to unclothed visual body searches. (*See* Compl.)

On May 2, 2019, Ivey filed a Motion to Compel Discovery (Doc. No. 93) and a Motion to Deny Confidential Designations (Doc. No. 97).[2] Ivey's motion to compel included a request for documents containing security information. (*Id.* at 5-8.) On July 17, 2019, Defendants filed a Motion for Protective Order, alleging that certain documents were protected from public disclosure under state law, and that the protective

---

[2] Ivey's motions were received and docketed on May 6, 2019.

order should prohibit the disclosure of confidential security data.  (Doc. No. 121.)  On July 30, 2019, Magistrate Judge Leung granted in part and denied in part Ivey's motion to compel and Defendants' motion for a protective order.  (*See* Order.)  In relevant part, the Magistrate Judge concluded that the documents Ivey requested were not protected by state law, he set parameters around how Ivey could access the security data, and he narrowed the scope of Defendants' proposed protective order.  (*See id.* at 4-11.)  The Magistrate Judge also denied without prejudice Ivey's motion to deny confidential designations because he found it premature.  (*Id.* at 10.)

## DISCUSSION

**I.     Legal Standard**

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a).  This is an "extremely deferential" standard.  *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *Chase v. Comm'r of Internal Revenue*, 926 F.2d 737, 740 (8th Cir. 1991)).  "A magistrate judge's ruling is contrary to law when it either fails to apply or misapplies pertinent statutes, case law or rules of procedure."  *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017) (citing *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1043 (D. Minn. 2010)).

**II.     Analysis**

Defendants object to the Order and ask the Court to reverse it to the extent the Order requires the disclosure of confidential security data to a client at the MSOP.[3] (Def. Obj. at 9.) At minimum, they ask the Court to review the contested documents *in camera* to determine whether they should be disclosed. (*Id.* at 8.)

Defendants contend that the documents Ivey seeks "outline in a play-by-play fashion MSOP's strategies and tactics in addressing clients who are out of behavioral control, and if disclosed to an MSOP client, would substantially jeopardize the security of the MSOP facility and the safety of both MSOP staff and clients." (*Id.* at 4-5 (internal quotation marks omitted).) While Defendants argue that the Magistrate Judge clearly erred when he failed to properly consider the security risks regarding the contested discovery, the Court finds that the Order contained a thorough analysis and sensible compromise that effectively balances Defendants' legitimate security concerns with the relevance of the contested materials to Ivey's claims.[4] (*See* Order at 7-9.) Nonetheless,

---

[3]     Specifically, Defendants object to Magistrate Judge Leung's Order to provide "all outstanding discovery, including any videotapes, that [Defendants] would designate as confidential under the terms of the protective order to a MSOP representative" who in turn "shall provide Ivey reasonable and timely access to those materials." (Order at 10.) The Magistrate Judge specified that while Ivey could review the materials, he could not remove them or any related notes he took from the custody of the representative. (*Id.*)

[4]     To the extent Defendants contest the relevance of the security information, the Court agrees with Magistrate Judge Leung's conclusion that the contested material is relevant to Ivey's excessive force claims. (Order at 5-6.) Whether or not Ivey asserts official capacity claims or claims related to failure to train does not alter the Magistrate Judge's correct conclusion that "information related to MSOP's security policies

(Footnote continued on next page.)

out of an abundance of caution, the Court will continue to stay the Order until the Court conducts an *in camera* review of the contested documents to confirm whether the relevance and likely benefit of disclosing the materials to Ivey outweighs Defendants' institutional concerns.  If necessary, the Court will amend the protective order accordingly.

With respect to Defendants' argument that the Magistrate Judge also erred by failing to consider whether Ivey could obtain the requested information through other means, the Court is unpersuaded.  (Def. Obj. at 5.)  Defendants contend that there is no compelling reason why Ivey needs to see the actual contested security data.  (*Id.* at 6.)  Notwithstanding, the Court declines to deny Ivey, a *pro se* litigant, access to information highly relevant to his claims under a theory that he may somehow know the proper questions to ask during depositions and on interrogatories to obtain the information relevant to his claims.

## CONCLUSION

While the Court finds that Magistrate Judge Leung's Order is neither clearly erroneous not contrary to law, out of an abundance of caution, the Court will conduct an *in camera* review of the contested materials to confirm whether the likely benefit of

---

(Footnote continued from previous page.)
and procedures including how they train officials to enforce those policies and procedures, undoubtedly would be relevant to this case."  (*Id.*)  The Court agrees with Magistrate Judge Leung that the materials are particularly relevant where Defendants indicate they may raise the defense that they acted under the authority of statute, rule, or other applicable law or policy.  (Order at 5-6; *see also* Doc. No. 87 at 30.)

disclosing them to Ivey outweighs Defendants' institutional security concerns. The Court is unpersuaded by Defendants' other objections to the Magistrate Judge's Order.

## ORDER

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Appeal/Objection (Doc. No. [133]) to Magistrate Judge Leung's July 30, 2019 Order is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Magistrate Judge Tony N. Leung's Order dated July 30, 2019 Order (Doc. No. [133]) will remain stayed pending this Court's *in camera* review of the contested materials.

2. Defendants shall provide the contested materials to the Court for its *in camera* review within 14 days of this Order.

Dated:  August 26, 2019			s/Donovan W. Frank
						DONOVAN W. FRANK
						United States District Judge